UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Michael Clark, #19244-057,<br><br>      Petitioner,<br><br>  v.<br><br>John L. LaManna, Warden, FCI Edgefield,<br><br>      Respondent. | C/A No. 8:04-21812-GRA<br><br>ORDER<br><br>(Written Opinion) |

This matter is before this Court on petitioner's "Motion for Relief from Judgment." Petitioner bases his motion on Rule 60(b)(6) of the Federal Rules of Civil Procedure, and asks this Court to "vacate the decision of January 7, 2005 and Grant [sic] the relief sought, or alternatively hold the case in abeyance until the Fourth Circuit decides the issue." Pet. at 3.

Petitioner is a federal prisoner currently incarcerated at the Edgefield Federal Correctional Institution (FCI-Edgefield) in Edgefield, South Carolina. Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

Petitioner filed a petition for writ of habeas corpus under § 2241 on August 9, 2004. The basis of the petition was that the Bureau of Prison's (BOP) method of calculating Good Conduct Time (GCT) is inconsistent with 18 U.S.C. § 3624(b). The magistrate, in his report, disagreed, and this Court agreed with the magistrate and granted summary judgment in favor of the respondent on January 7, 2005. In the instant motion, petitioner claims that this issue is currently in front of the Fourth Circuit in "Yi v. Brooks" and thus this Court should wait on a Fourth Circuit decision before closing the case. It is clear that the petitioner is simply asking this Court to reconsider a legal issue that it has already ruled upon. Since "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue," *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 870 (4th Cir. 1999), this Court denies the motion.

In the alternative, this Court will rule on the motion on its merits. This Court has reviewed *Yi v. Brooks*, 80 Fed.Appx. 874 (4th Cir. 2003) and finds it inapplicable. However, the Fourth Circuit recently decided *Yi. v. Federal Bureau of Prisons*, 2005 WL 1413897 (4th Cir. (Va.), June 17, 2005), and this Court is informed that the Fourth Circuit decided the merits of the instant claim in that case. Specifically, the court stated, "[w]e conclude that the BOP has reasonably interpreted the statute [§ 3624(b)] so as to require the calculation of GCT based upon the inmate's time served." *Id.* at 7. Thus, the petitioner's basis for relief from judgment was expressly rejected by the Fourth Circuit and must be denied.

IT IS THEREFORE ORDERED that petitioner's "Motion for Relief from Judgment"

is DENIED.

    IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August __3__, 2005

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.